## Commonwealth v. Troxel

*Federico F. Mauck*, for Commonwealth.

*Leonard F. Markel, Jr.*, for defendant.

CORSON, J., October 27, 1954.—On July 13, 1954, Henry Troxel was found guilty of violating ordinance no. 8 of Whitpain Township, Montgomery County, and sentenced to pay a fine of $15, plus costs. The present appeal followed.

Such ordinance reads as follows:

"A. Any act, word or conduct causing or tending to cause a disturbance of the peace and good order of the said Township, or causing or tending to cause any danger, discomfort, or annoyance to the inhabitants of the said Township, or users of the Township throughfares.

"B. Any act of loafing, fighting, drunkenness, vagrancy, begging, the making of unnecessary noises, profanity, or indecent language, reckless or careless driving, or any other use of vehicles by owners or occupants thereof as shall endanger the safety or interfere with the comfort and convenience of persons using or residing near the thoroughfares of the said Township."

The pertinent part of the ordinance would seem to be the part of paragraph B which reads as follows:

". . . or any other use of vehicles by owners or occupants thereof as shall endanger the safety or interfere with comfort and convenience of persons using or residing near the thoroughfares of the said Township."

Defendant, hereinafter referred to as Troxel, parked his automobile upon an alley laid out upon a certain plan of lots—such alley running along the westerly or rear line of property owned by Troxel's brother, Davis G. Troxel. The private prosecutor, Russell Batchelder, is the owner of ground situate on the southwesterly corner of Coolidge Street and Swede Road, extending west along Coolidge Street to Kendrick Avenue, and from which location he conducts a commercial florist business. It is admitted that neither Troxel nor his brother own the alley in question and it is also admitted that such alley has not been taken over by the township as a public street or alley.

Because of the poor condition of Coolidge Street, running on the north side of Batchelder's property,

his customers have been in the habit of approaching the Batchelder place of business from the north through the alley in question. On one occasion prior to the present proceedings, Troxel was arrested for violating such ordinance, paid a fine before a magistrate, and failed to petition for allowance of appeal until too late. After the second arrest the appeal was allowed and the case brought before the writer of this opinion who found Troxel guilty, but because of the doubtful questions of law involved, suggested that exception be taken to bring the matter before this court for decision.

A careful reading of the ordinance in question convinces us that the act was drawn to enlarge the powers of police in cases of actual disorderly conduct which are not covered under the State acts defining that offense. The entire ordinance must be read in determining its purpose and intention. The entire paragraph A refers to acts, words, or conduct causing or tending to cause a disturbance of the peace . . . or causing or tending to cause any danger, discomfort, or annoyance to the inhabitants of the township or users of the township thoroughfares. Certainly this cannot be said to have been intended to cover the illegal parking of an automobile. Paragraph B covers "loafing, fighting, drunkenness, vagrancy, begging, the making of unnecessary noises, profanity, or indecent language, reckless or careless driving, or any other use of vehicles by owners or occupants thereof as shall endanger the safety or interfere with the comfort and convenience of persons using or residing near the thoroughfares of the said Township".

After careful consideration of this section we feel that the latter part referring to the use of vehicles must be considered in connection with the first part of the paragraph covering unnecessary noises, reck-

less or careless driving, etc. In passing, we might say that there is a grave question of whether any township has a right to enact an ordinance covering reckless driving since that offense is defined in, and punishable under, The Vehicle Code. The ordinance must be strictly construed in favor of defendant and we are not convinced that the mere parking of an automobile is such use of a vehicle as is covered by the ordinance. Troxel was not in, or operating, the automobile at the time of the alleged offense and was certainly not "using" it, in the ordinary sense at the time.

Troxel, who might be considered under the evidence as being a most obstinate and stubborn man, claims that he had the right to use the alley for parking his automobile and such claim of right should not, and cannot be, adjudicated in the quarter sessions court. We feel also that the ordinance was never intended to, and does not, apply to the parking of automobiles upon township or private thoroughfares. Batchelder is the owner of one of the lots shown upon the plan offered in evidence, and as he contends that Troxel, by parking in the alley, is interfering with the use of such alley by Batchelder and other owners abutting on the streets shown on such plan, it would seem that he might bring a bill in equity to restrain the blocking of such alley by Troxel. If an injunction was obtained to restrain Troxel from blocking such alley, then, of course, he might be sent to jail for violation of such injunction.

The court is of the opinion that the defendant should have been found not guilty by the hearing judge and that the exception must, therefore, be sustained.

And now, October 27, 1954, defendant's exception to the action of the hearing judge in finding him guilty of violating the ordinance in question is sustained and defendant is found not guilty.